Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 689 | **DATE** | 6/14/2000 |
| **CASE TITLE** | USA vs. Geok Soo Lim | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, Court rules on following motions: Defendant's motion to require notice of intention is granted in part and denied in part. Defendant's motion for inventory of items is denied. Defendant's motion for return of items is denied. Defendant's motion for disclosure of exculpatory evidence is granted. Defendant's motion to preserve agents' notes is granted. Defendant's motion for subpoenas is granted. Defendant's motion for additional pretrial motions is denied without prejudice

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 15 2000 date-docketed | 38 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
DOCKETED
JUN 1 5 2000

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) Case No. 99 CR 689 |
| GEOK SOO LIM | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Geok Soo Lim is charged with a single count of bank fraud under 18 U.S.C. §1344 in connection with an alleged scheme to defraud Citibank. The indictment alleges that Lim fraudulently caused $2.9 million in checks to be deposited to his accounts at Citibank, knowing the checks to be fraudulent, and then withdrew around $1.8 million from the accounts before Citibank realized that the deposited checks were fraudulent.

The purpose of this order is to rule on several pretrial motions filed by Lim.

**1.  Motion to require notice of intention to use other crimes, wrongs or acts evidence**

Lim has moved for entry of an order directing the government to provide notice of evidence of other crimes, wrongs or acts within the meaning of Federal Rule of Evidence 404(b) that the government may use at trial, as well as evidence of specific instances of conduct that the government may use to cross-examine witnesses under Federal Rule of Evidence 608(b). Lim's motion is granted as to Rule 404(b) evidence, with the modifications described below, and is denied as to Rule 608(b) evidence.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a person's character to show that he acted in conformity with that character. The Rule also

provides, however, that such evidence may be admissible for other purposes, for example, to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In 1991, the Rule was amended to impose a pretrial notice requirement in criminal cases; if the defendant so requests, the prosecution is required to provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The Advisory Committee Notes discussing the 1991 amendment state that "no specific form of notice is required"; the Committee rejected a proposal that the notice satisfy the particularity requirements required of indictments. *See* Fed. R. Evid. 404(b), 1991 Advisory Committee Notes. The Notes also state that the amendment "requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." *Id.*

The government has proposed to disclose three weeks prior to trial any other act evidence covered by Rule 404(b) that it plans to introduce. The Court agrees that this is an appropriate time for production, with one *caveat*: if the government discloses that close to trial evidence that the defendant can show reasonably requires additional time for the defendant to investigate and address, the Court may well be forced to continue the trial. The Court urges the government to consider earlier production, for this will facilitate resolution prior to trial of any issues of admissibility that might be raised and will also reduce or eliminate the need for a continuance.

The Court directs the government to disclose not only all other act evidence that it intends to offer in its case in chief, but also any such evidence that it intends to offer to impeach any witness (including the defendant) or in rebuttal. The Advisory Committee Notes to Rule 404(b)

make it clear that this is what the 1991 amendment requires. *See generally United States v. Vega,* 188 F.3d 1150 (9th Cir. 1999) (reversing conviction due to government's failure to disclose prior to trial other act evidence used to cross examine defendant).

With regard to any such other act evidence, the government must provide defendant with a written disclosure of the nature of the evidence, including a general description of the act or acts and the dates, places, and persons involved, and a statement of the issue or issues on which the government believes the evidence is relevant and admissible. The government must also produce any documents which contain or constitute evidence of any such other acts. *See* Fed. R. Crim. P. 16(a)(1)(C) (government is required to produce documents and things which are "material to the preparation of the defense" or which are intended for use as evidence in chief). The government is not, however, required to produce prior to trial the statements of other participants in any such other acts, at least to the extent that these persons may be government witnesses; the Jencks Act (18 U.S.C. §3500) and Federal Rule of Criminal Procedure 26.2 preclude the Court from ordering the government to produce statements of its witnesses prior to trial.

Rule 608(b) permits a cross-examiner to use specific instances of a witness' conduct to impeach the witness, so long as they are probative of the witness' credibility. Fed. R. Evid. 608(b). With regard to Rule 608(b) evidence, Lim cites no authority supporting his request to obtain such evidence prior to trial. The Court agrees with the government that as a general rule, a defendant is not entitled to production of 608(b) evidence prior to trial. *See United States v. Hartmann,* 958 F.2d 774, 789 n. 5 (7th Cir. 1992). However, to the extent that evidence to be used to impeach under Rule 608(b) constitutes "other act" evidence within the meaning of Rule

404(b) and the 1991 Advisory Committee Notes, the fact that it might also be admissible under Rule 608(b) will not excuse the government from producing it prior to trial pursuant to the Court's ruling on defendant's motion for disclosure of other act evidence. In addition, as noted in *Hartmann,* to the extent any impeachment evidence that the government may seek to use under Rule 608(b) is subject to the disclosure requirements of Federal Rule of Criminal Procedure 16, the government likewise is not excused from producing it prior to trial simply because of the fact that it constitutes Rule 608(b) evidence.[1]

### 2. Motion for inventory of items and papers seized by the government

Lim seeks an order directing the government to provide him with a written inventory of all items seized from defendant, his automobile, or his residence. The government responds that it has offered to allow defense counsel to review and inspect the items that were seized from Lim, and that as yet counsel has not taken advantage of this opportunity. The Court agrees with the government that aside from the requirements imposed by Fed. R. Crim. P. 41(d) (requiring a written inventory of any items seized pursuant to a search warrant), it is under no obligation to create a list of the items in its possession for defendant. Defendant's motion is denied.

### 3. Motion for return of items not intended to be introduced as evidence

Lim seeks the return of any items seized by the government that it does not intend to use as evidence at trial. At the present time, the Court has no idea of the volume or nature of the items seized by the government. Under the circumstances, the Court agrees with the government that this is an issue more appropriately addressed on an item-by-item basis, not with a blanket

---

[1] Defendant has not argued that Rule 608(b) evidence ought to be disclosed pursuant to Rule 16.

request of the type made by defendant. Defendant's motion is denied.

4. **Motion for disclosure of exculpatory evidence**

Defendant has filed a motion pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972) and their progeny, seeking pretrial disclosure of exculpatory evidence and material that may be useful in impeaching government witnesses. Both the defendant's motion and the government's response are, quite frankly, boilerplate. The motion is a virtual duplicate of any number of motions of this type that the Court saw (and perhaps even filed) prior to its appointment to the bench. The government's response – which is and has been its stock response to such motions as long as the Court can recall – is that the government "recognizes its obligation" to produce material pursuant to *Brady* and *Giglio,* that "the government will abide by the law," and that the motion should therefore be denied as "moot." In the Court's experience, the government's "mootness" position generally prevails in courts in this district. In short, defendants file boilerplate *Brady-Giglio* motions, prosecutors file boilerplate responses, and courts make what might be considered to be boilerplate rulings.

While it is perhaps inevitable that some aspects of the practice of law become routinized due to the frequency of their repetition, this Court does not believe that this is an appropriate way to deal with a matter as important as the government's obligation to produce material that is favorable to an accused. *Brady*'s obligations are, to some extent, self-executing, *see generally United States v. Agurs,* 427 U.S. 97, 107-13 (1976), but acceptance of the government's "mootness" position leaves it entirely up to the prosecutor (who is, after all, an advocate in an adversary system) to determine what may and may not be exculpatory or impeaching. Drawing an analogy to civil litigation, calling a defendant's *Brady-Giglio* request "moot" simply because

5

the government says it understands *Brady* and *Giglio* would be the equivalent of eliminating all civil discovery requests and leaving it entirely up to each party to decide on its own what discovery is called for by Federal Rule of Civil Procedure 26(b)(1)'s statement that matter "which is relevant to the subject matter involved in the pending action" is discoverable. No civil lawyer would accept such a proposition, at least not without kicking and screaming, and this Court will not accept it in criminal cases. In short, defendant's motion is in no way "moot."

The government has not responded to the particular requests made by Lim. The Court has reviewed those requests and considers all of them to be within the scope of what *Brady* and *Giglio* and their progeny require. Defendant's motion for disclosure of exculpatory evidence is granted. The government is directed to produce 21 days prior to trial material responsive to Lim's impeachment-related requests (paragraphs 2, 3, 4, 7, 8, 9, 10, 11, and 12), and it is directed to produce within 14 days of this order any and all evidence tending to exculpate the defendant, as well as any material responsive to Lim's remaining requests (paragraphs 1, 5, 6, and 13).

5. **Motion to preserve agents' notes**

Lim requests that the Court direct all government agents to preserve their notes prepared during the course of the investigation that led to this case. The government says that it has already instructed agents to preserve any notes that constitute drafts of agent interview or investigative reports. It asks the Court to deny the motion as "moot." Once again, the Court does not agree that the defendant's request is moot. In the hopefully unlikely event that a document is destroyed, there may be a different consequence depending on whether the directive violated is a request from a prosecutor or an order from a court. The Court also disagrees that the preservation order should be limited to drafts of reports. Any notes prepared by an agent may

6

ultimately be producible under the Jencks Act and Rule 26.2 as the agent's prior statement in the event the agent testifies, and if material that is exculpatory or otherwise helpful to the defendant exists in agents' notes, it may be in notes other than draft reports. The Court therefore grants defendant's motion and orders that all notes prepared by government agents during or related to the investigation in this case be preserved until further order of court. Defendant is not currently asking for discovery of any notes; any such requests will be addressed if and when they are made.

### 6. Motion for issuance of subpoenas

Lim has moved pursuant to Federal Rule of Criminal Procedure 17(c) for permission to issue subpoenas *duces tecum* to issue for the production of records and objects prior to trial. The government does not object so long as it likewise is given permission to do so. The Court grants defendant's motion and orders that both sides may serve subpoenas for records with a pretrial return date. However, because a subpoena is a directive of the Court, and not a private discovery request of a party, any records or objects obtained by either side as the result of the issuance of a subpoena *duces tecum* must be made available by the obtaining party for inspection by the opposing party promptly after their receipt.

### 7. Motion for leave to file additional pretrial motions

Lim seeks leave to file additional pretrial motions after the deadline set by the Court for filing such motions. The Court will not grant this motion in the blind; if defendant wishes to file an additional motion or motions at a later time, he should ask permission to do so at that time so that the Court can determine whether there is good cause to file an untimely motion. *See* Fed. R. Crim. P. 12(f). The motion is denied without prejudice.

**Conclusion**

For the reasons stated above, defendant's motion to require notice of intention to use other crimes, wrongs or acts evidence [30-1] is granted in part and denied in part; defendant's motion for inventory of items seized [31-1] is denied; defendant's motion for return of items not intended to be introduced as evidence [31-2] is denied; defendant's motion for disclosure of exculpatory evidence [32-1] is granted; defendant's motion to preserve agents' notes [33-1] is granted; defendant's motion for issuance of subpoenas [34-1] is granted; and defendant's motion for leave to file additional pretrial motions [35-1] is denied without prejudice.

/s/ Matthew F. Kennelly
MATTHEW F. KENNELLY
United States District Judge

Date: June 14, 2000